# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BANK OF AMERICA, N.A, ) | | |
| SUCCESSOR TO LASALLE BANK, ) | | |
| NATIONAL ASSOCIATION, ) | | |
| a national banking association, ) | Case No. | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Hon. | |
| ) | | |
| CLYDE W. ENGLE, ) | | |
| ) | | |
| Defendant. ) | | |

## COMPLAINT

Plaintiff, Bank of America, N.A., as successor to LaSalle Bank, National Association ("Plaintiff"), by and through its undersigned attorneys, hereby complains against Defendant Clyde W. Engle ("Defendant") as follows:

## JURISDICTIONAL AND VENUE ALLEGATIONS

1. Plaintiff is a national banking association chartered under the laws of the United States, with its main office in Charlotte, North Carolina. Accordingly, Plaintiff is a citizen of North Carolina. Effective October 17, 2008, Plaintiff is the successor in interest to LaSalle Bank National Association with respect to the indebtedness that is the subject matter of this Complaint.

2. Defendant is a citizen of the state of Illinois.

3. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

4. This Court has jurisdiction over the subject matter of this controversy under 28 U.S.C. § 1332(a)(1).

5. This Court has jurisdiction over the person of the Defendant in that: (a) the documents or instruments that are the subject matter of this Complaint were made and to be performed in Illinois; (b) the documents or instruments upon that are the subject matter of this Complaint state that Illinois law should govern; (c) Defendant is a citizen of the State of Illinois; (d) all or substantially all of the acts that give rise to this action have occurred in Illinois; and (e) the Defendant has agreed in writing to consent to this Court's jurisdiction.

6. Venue is proper in the Northern District of Illinois ("District") in that: (a) Defendant is a citizen of and domiciled in the State of Illinois; (b) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (c) Defendant has agreed in writing to consent to venue of this District.

## COUNT I
### For Collection of Amounts Due with Respect to a Promissory Note

1-6. Plaintiff restates and realleges paragraphs 1-6 as if fully set forth in this paragraph.

7. As evidenced by that certain Replacement Secured Promissory Note dated as of March 31, 2008 in the face amount of $10,400,000.00 made by Defendant in favor of Plaintiff (the "Engle Note"), Defendant is indebted and liable to Plaintiff for the amounts due on the Note. A true and correct copy of the Note is attached hereto as Exhibit A. Capitalized terms used herein but not defined are intended to have the same meaning as in the Engle Note.

8. The Engle Note matured by its terms on June 30, 2008. However, to date and in clear violation of Defendant's obligations to Plaintiff, Defendant has not paid any of the matured indebtedness that is due and owing to Plaintiff. Additional Events of Default have occurred, currently exist, and are ongoing with respect to Defendant's obligations to Plaintiff.

9. As evidenced by three letters dated, respectively, April 27, 2009, April 29, 2009 and June 9, 2009 (collectively, the "Engle Default Notices"), Plaintiff has provided good, sufficient notice of the Events of Default that exist and are continuing with respect to the Engle Note. True and correct copies of the Engle Default Notices are attached hereto collectively as Group Exhibit B.

10. As of August 25, 2009 Defendant owed (and continues to owe) to Plaintiff at least $11,159,629.86 in outstanding, unpaid principal and accrued interest due to Plaintiff under the matured and defaulted Engle Note, consisting of $10,150,000.00 in principal and $1,009,629.86 in interest. The Engle Note provides that after the maturity thereof, interest will accrue at the increased rate specified in the Engle Note. Accordingly, and from the date of the filing of this Complaint, interest is accruing at such increased rate at the *per diem* rate of $2,326.04. Further, under the express terms of the Engle Note, Defendant is responsible for payment to Plaintiff of all costs of collection, including reasonable attorneys' fees and court costs, incurred or paid by Plaintiff in connection with collecting the amounts due and owing to it under the Engle Note.

11. Plaintiff has performed all of its obligations under the Engle Note and all conditions precedent to the maintenance of this action have been met.

WHEREFORE, Plaintiff Bank of America, N.A. prays for the entry of judgment in its favor and against Defendant Clyde W. Engle in the amount of $11,159,629.86, plus all *per diem* interest accruing at the default rate from the date hereof through the date of judgment and thereafter at the maximum post-judgment rate provided by applicable law, plus all costs of enforcement, including reasonable attorneys' fees, and for such other and further relief as may be just and proper under the circumstances.

## COUNT II
### For Collection of Amounts Due with Respect to the Guaranty

12. Plaintiff restates and realleges paragraphs 1-12 as if fully set forth in this paragraph.

13. As evidenced by, among other things, that certain Time Note dated as of June 30, 2008 in the original principal face amount of $3,000,000.00 made by Lincolnwood Bancorp, Inc. ("Lincolnwood") in favor of Plaintiff (the "Lincolnwood Note"), Plaintiff has made a loan to Lincolnwood (the "Lincolnwood Loan").  The Lincolnwood Note was subsequently amended by that certain Omnibus Amendment to Time Note dated September 30, 2008 (the "Amendment"). The Amendment extended the Lincolnwood Note's original maturity date from September 30, 2008 to March 31, 2009.  True and correct copies of the Lincolnwood Note and the Amendment are attached hereto collectively as Group Exhibit C.

14. On information and belief, at the time of the Lincolnwood Loan, Defendant was a principal officer, director or shareholder of Lincolnwood.  In order to induce Plaintiff to make the Lincolnwood Loan and as further security for the repayment of Lincolnwood's obligations to Plaintiff, Defendant executed that certain Continuing Unconditional Guaranty dated as of June 30, 2008 (the "Guaranty"), in favor of Plaintiff.  A true and correct copy of the Guaranty is attached hereto as Exhibit D.

15. As set forth in the Guaranty, Defendant, for value received, "unconditionally guarant[eed]" the full and prompt repayment when due of any of Lincolnwood's obligations to Plaintiff, including amounts owing pursuant to the Lincolnwood Note.  Further, by the Amendment, Engle reaffirmed the Guaranty in "each and every respect" and acknowledged that his reaffirmation of the Guaranty was a condition precedent of Plaintiff's entry in the

Amendment, and the resulting extension of, *inter alia*, the Lincolnwood Note's maturity date. *See* Amendment, Exhibit C, ¶4.

16. The Lincolnwood Note matured by its terms on March 31, 2009 but to date has not been paid by Lincolnwood. Additional events of default have occurred, currently exist, and are ongoing with respect to Lincolnwood's obligations to Plaintiff (hereinafter referred to collectively as the "Lincolnwood Defaults").

17. By letters dated April 27, 2009 and April 29, 2009 (collectively, the "Lincolnwood Notices"), Plaintiff provided good, sufficient notice of the Lincolnwood Defaults to Defendant. True and correct copies of the Lincolnwood Notices are attached hereto as Group Exhibit E. Despite receiving such notice and Defendant's clear obligations to Plaintiff under the Guaranty, Defendant has failed and continues to fail to pay the indebtedness due and owing to Plaintiff under the matured Lincolnwood Note and the Guaranty.

18. As of August 25, 2009, Defendant owed (and continues to owe) to Plaintiff at least $3,100,270.83 in outstanding, unpaid principal and accrued interest, due to Plaintiff under the Guaranty, as a result of the amounts due and owing under the matured and defaulted Lincolnwood Note, consisting of $3,000,000.00 in principal and $100,270.83 in interest. The Lincolnwood Note provides that after the maturity thereof, interest will accrue at the increased rate specified in the Lincolnwood Note. Accordingly, and from the date of the filing of this Complaint, interest is accruing at such increased rate at the *per diem* rate of $604.16. Further, under the express terms of the Guaranty, Defendant is responsible for payment to Plaintiff of all costs of collection, including reasonable attorneys' fees and court costs, incurred or paid by Plaintiff in connection with collecting the amounts due and owing to it under the Guaranty and/or the Lincolnwood Note.

19. Plaintiff has performed all of its obligations under the Lincolnwood Note and the Guaranty and all conditions precedent to the maintenance of this action have been met.

WHEREFORE, Plaintiff Bank of America, N.A. prays for the entry of judgment in favor of Plaintiff and against Defendant Clyde W. Engle in the amount of $3,100,270.83, plus all *per diem* interest accruing at the default rate from the date hereof through the date of judgment and thereafter at the maximum post-judgment rate provided by applicable law, plus all costs of enforcement, including reasonable attorneys' fees, and for such other and further relief as may be just and proper under the circumstances.

Dated:  August 27, 2009                           Respectfully submitted,

                                                  BANK OF AMERICA, N.A., successor to LaSalle Bank, National Association


                                                  By: /s/ Thomas S. Kiriakos
                                                       One of Its Attorneys


Thomas S. Kiriakos
Craig E. Reimer
Mayer Brown, LLP
71 S. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600
Fax: (312) 701-7711

Attorneys for Bank of America, N.A.,
   successor to LaSalle Bank, National Association