# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5282 | **DATE** | December 10, 2010 |
| **CASE TITLE** | *Bank of America v. Engle* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to dismiss [45-1] is granted. Engle's counterclaims and affirmative defenses are dismissed with prejudice.

■[ For further details see text below.]

00:00

## STATEMENT

Plaintiff Bank of America filed suit against Clyde Engle for alleged defaults on a loan and a subsequent personal guaranty. Engle alleges six affirmative defenses and five counterclaims, which BOA has moved to dismiss. For the reasons stated below, the motion is granted.

**A.     Facts**

Briefly, BOA alleges that its predecessor, LaSalle Bank, loaned over $10 million to Engle and an additional $3 million to Lincolnwood Bancorp, Inc., the latter of which Engle personally guaranteed. Specifically, BOA alleges that it loaned money to Engle pursuant to a Replacement Secured Promissory Note dated as of March 31, 2008 ("Engle note").

The Engle note contains a release as follows:

> Borrower hereby releases Bank from any and all causes of action or claims which Borrower may now or hereafter have for any asserted loss or damage to Borrower claimed to be caused by or arising from: (a) Bank's taking action permitted by the paragraph; (b) any failure of Bank to protect, enforce, or collect in whole or in part nay of the Collateral; and/or (c) any other act or omission to act on the part of Bank, its officers, agents, or employees, except for willful misconduct.

BOA also loaned money to Lincolnwood Bancorp., Inc., as evidenced by a Time Note as of June 30, 2008. BOA alleges that in order to induce it to enter into the Time Note, Engle executed in favor of BOA a Continuing Unconditional Guaranty dated as of June 30, 2008, pursuant to which Engle unconditionally

guaranteed the full and prompt repayment of any of Lincolnwood's obligations. The Lincolnwood Note was amended pursuant to the Omnibus Amendment to Time Note dated September 30, 2008. At the time, Engle reaffirmed the terms of his Guaranty. Amendment, ¶ 4. The Amendment, signed by both Engle and Lincolnwood, also included the following release language:

> In consideration of the agreements and understandings in this Amendment, each Credit Party [*i.e*., Engle and Lincolnwood], for itself and on behalf of its respective Derivative/Successor persons, hereby knowingly and voluntarily, unconditionally and irrevocably, absolutely, finally and forever releases, acquits and discharges each Bank Released Party from any claim relating in any manner whatsoever to any of such Credit Party's Loan Documents, including any transaction contemplated thereby or undertaken in connection therewith, or otherwise relating to such party's credit relationship with Bank that existed at any time on or prior to the Amendment Effective Date, including relating or purportedly relating in any manner whatsoever to any facts, known or unknown, in existence on or at any time prior to the Amendment Effective Date (each a "Borrower/Guarantor-Related Claim").
>
> Each Credit Party hereby knowingly and voluntarily, unconditionally and irrevocably, absolutely finally and forever covenants that it shall refrain, and further shall direct and cause any of its respective Derivative/Successor Persons to refrain, from commencing or otherwise prosecuting any action, suit or other proceeding of any kind, nature, character, or description, including in law or in equity, against any Bank Released Party on account of any Borrower/Guarantor-Related Claim. Each Bank Released Party shall be entitled to enforce this covenant against the pertinent Credit Party through specific performance. In addition to any other liability which shall accrue upon the breach of this covenant, the breaching party (including any Derivative/Successor Person of any Credit Party that commences or prosecutes any such action, suit or proceeding) shall be liable to such Bank Released Party for all reasonable attorneys' fees and costs incurred by such Bank Released Party in the defense of any such action, suit or other proceeding.

Amendment ¶ 7.

In addition, Engle and Lincolnwood represented that "there exists no offsets, counterclaims or defenses to payment of performance of the obligations set forth in its pertinent Loan Documents" and Engle and Lincolnwood waived "any and all such offsets, counterclaims and defenses arising out of any alleged acts, transactions or omissions on the part of the Bank arising (or otherwise relating to the period) on or prior to the Amendment Effective Date. . . ." Amendment ¶ 5.

The loans matured in June 2008 and March 2009 and despite repeated demands, Engle has failed to pay. More than $14 million of matured indebtedness has accrued. Engle alleges five affirmative defenses: (1) failure to state a claim, (2) statute of limitations, (3) laches, waiver, estoppel, (4) failure to mitigate damages; (5) equitable defenses of in pari delicto, unclean hands and bad faith. He also alleges several counterclaims, including Engle also reserved the right to assert additional defenses and counterclaims that may result from after discovery.

**B.**     **Analysis**

    1.    <u>Counterclaims</u>

## STATEMENT

      a.    *Standard*

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007). In *Iqbal*, the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). The Seventh Circuit has synthesized the relevant Supreme Court caselaw regarding Rule 12(b)(6) as follows:

> So, what do we take away from *Twombly*, *Erickson*, and *Iqbal* ? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). That being said, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Br. Of Tr.*, 581 F.3d 599, 603 (7th Cir. 2009). In addition, the court should also take into consideration the complexity of the case when addressing whether a complaint alleges sufficient facts. *See Limestone Dev. Corp. v. Vill. of Lemon, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (number of factual allegations required to state a plausible claim "will depend on the type of case" and "[i]n a complex antitrust or RICO case a fuller set of factual allegations than found in the sample complaints in the civil rules' Appendix of Forms may be necessary").

Finally, on a motion to dismiss under Rule 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

      b.    *Analysis*

The September 30, 2008 Amendment provides in relevant part: "In consideration of the agreements and understandings in this Amendment, each Credit Party [i.e., Engle and Lincolnwood], for itself and on behalf of its respective Derivative/Successor persons, hereby knowingly and voluntarily, unconditionally and irrevocably, absolutely, finally and forever releases, acquits and discharges each Bank Released Party from any claim relating in any manner whatsoever to any of such Credit Party's Loan Documents." See Amendment ¶ 7. Pursuant to the amendment's plain language, the court finds that Engle released his counterclaims. The language of the release is clear and explicit and the court can ascertain no reason why it should not be enforced. *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. 1984) (noting that release was "comprehensive, precise and unambiguous" and concluding that claim for contribution fell within its scope). The counterclaims are thus dismissed with prejudice.

    2.    <u>Affirmative Defenses</u>.

      a.    *Standard*

| STATEMENT |
|---|

"Courts in this Circuit apply a three-part test to affirmative defenses subject to a motion to strike: '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge.'" *Pavlik v. FDIC*, No. 10 C 816, 2010 WL 3937621, at *4 (N.D. Ill Oct. 5, 2010) (citation omitted).

        b.    *Analysis*

As with Engle's counterclaims, the court finds that Engle waived "any and all such offsets, counterclaims and defenses arising out of any alleged acts, transactions or omissions on the part of the Bank arising (or otherwise relating to the period) on or prior to the Amendment Effective Date. . . ." Amendment ¶ 5. As noted above, the language of the release is clear and explicit and the court can ascertain no reason why it should not be enforced. *Rakowski,* 472 N.E.2d at 794.

**C.    Conclusion**

Because the court has concluded that Engle released his counterclaims and affirmative defenses, it need not address the plaintiff's other bases for dismissal. Accordingly, the motion to dismiss the counterclaims and affirmative defenses is granted. Engle's counterclaims and affirmative defenses are dismissed with prejudice.

RH/p